UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Atheris Mann, Jessie Patrick and Deanda Wilson, | ) | |
| | ) | |
| Plaintiffs, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| Chicago Police Sergeant Frank Ramaglia, Star # 1775; | ) | |
| Chicago Police Sergeant Brian Kane, Star # 5538; | ) | |
| Chicago Police Officer Kathleen McCann, Star # 3636; | ) | |
| Chicago Police Officer Kevin Connolly, Star # 13184; | ) | |
| Chicago Police Officer Alejandro Miranda, Star #8300; | ) | |
| Chicago Police Officer John Doe; and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT**

Plaintiffs JESSIE PATRICK, ATHERIS MANN and DEANDA WILSON, by their undersigned attorneys, for the complaint against Defendants, the City of Chicago; Chicago police officers; and unidentified employees of the City of Chicago (collectively, "Defendant Officers"), state:

**INTRODUCTION**

1. Plaintiffs Patrick, Mann and Wilson were wrongly arrested, charged, and detained for approximately fifteen months because of the fabrication and coercion of inculpatory evidence by the Defendants sued in this action.

2. Directly after their arrest, Plaintiffs were also physically and psychologically abused while detained at the Chicago Police Department's unconstitutional detention center at the intersection of South Homan Street and West Filmore Avenue (hereinafter "Homan Square").

3. On January 14, 2015 Plaintiffs were acquitted of all charges when Cook County Judge William O'Brien entered a directed finding of not guilty for all of the Plaintiffs.

1

4. The unconstitutional conduct complained of herein was a part of longstanding, widespread and interrelated Chicago Police Department patterns and practices, including several that were an integral part of the detention, interrogational, and intelligence gathering practices employed at Homan Square.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

6. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Chicago is a municipal corporation located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

8. Plaintiffs Atheris Mann, Jessie Patrick and Deanda Wilson are African American residents of the City of Chicago, Illinois.

9. At all times relevant hereto, Defendant Sergeants Frank Ramaglia and Brian Kane, and Police Officers Katherine McCann, Kevin Connolly, Alejandro Miranda and John Doe were employed by the Chicago Police Department. Each is sued in his or her individual capacity, and each acted under color of law and within the scope of his/her employment.

10. Defendant City of Chicago is an Illinois municipal corporation, and was the employer of each of the Defendant Officers at all relevant times, and is responsible for the policies, practices and customs of the Chicago Police Department that are alleged herein.

**FACTS**

11. On the morning of October 21, 2013, Anthony Speight was arrested around the corner from the 900 block of North St. Louis Avenue in Chicago, Illinois for possession of heroin with intent to deliver.

12. Plaintiffs had no involvement with the illegal possession and delivery of the aforementioned heroin.

13. On the morning of October 21, 2013, Plaintiffs Jessie Patrick and Atheris Mann were in a vehicle on the 900 block of North St. Louis Avenue, Chicago, running errands when they were pulled over by Defendant Chicago Police Officers Ramaglia and Connolly.

14. Defendants Ramaglia and Connolly had no reasonable suspicion or probable cause to believe that Plaintiffs Jessie Patrick and Atheris Mann had committed, were committing, or were going to commit any criminal offense nor did they have an arrest warrant or search warrant for Plaintiffs.

15. Defendant Ramaglia approached Plaintiffs Patrick and Mann's vehicle, took their identification, conducted a pat down search of Plaintiffs and handcuffed their hands together.

16. Plaintiff Patrick and Mann were not in possession of any contraband, had not violated any local ordinance, state or federal law, and Defendant Ramaglia did not find any drugs on their persons or in the vehicle.

17. About the same time, Defendant Connolly arrived on the scene with Anthony Speight whom he had already handcuffed. Connolly placed Speight into the police vehicle; Plaintiffs Mann and Patrick were placed in the same vehicle with Speight shortly thereafter.

18. Plaintiff Patrick's mother, and Plaintiff Mann's female partner asked the Defendant officers if the men were going to jail, and one of the Defendant officers responded

that at least one of them would be.

19. Plaintiffs Patrick and Mann were then transported by Defendants Ramaglia and Connolly to Homan Square.

20. A few hours later, Plaintiff Deanda Wilson was at a store near the North 900 block of St. Louis Avenue buying a soda when Defendant Officer Miranda detained and handcuffed him.

21. Defendant Miranda had no reasonable suspicion or probable cause to believe that Deanda Wilson had committed, was committing, or was going to commit any illegal offense nor did he have an arrest warrant or search warrant for Plaintiff.

22. Defendant Miranda thoroughly searched Deanda Wilson and did not find a weapon or any other contraband.

23. Defendant Miranda then transported Plaintiff Wilson to Homan Square.

**Detention at Homan Square**

24. Plaintiffs Mann and Patrick were taken into a room by Defendant Ramaglia, who instructed them to strip, and they were then subjected to a full strip search.

25. Defendant Ramaglia searched them and demanded that they cooperate with him or they would be "locked up."

26. Plaintiff Mann asked for his attorney but Defendant Ramagalia ignored his request.

27. Plaintiff Patrick asked Ramaglia if he could call his mother so that she could call an attorney, and his request was similarly ignored.

28. Defendant Ramaglia took Plaintiff Mann to a windowless, dark cell and handcuffed him to the wall.

4

29. Ramaglia then lead Plaintiff Patrick to a separate dark cell where he was also handcuffed to the wall.

30. Both Plaintiffs were then left alone in their cells.

31. Sometime later, Defendant Miranda transported Plaintiff Deanda Wilson to Homan Square, where Defendant Ramaglia was waiting.

32. Defendant Ramaglia removed Plaintiff Wilson from the transport police vehicle and attempted to plant narcotics on him, but stopped his effort upon Defendant Miranda's intervention.

33. Ramaglia then directed Plaintiff Wilson to a separate dark cell with no windows, where he was also handcuffed to the wall.

### Interrogation and Abuse at Homan Square

34. Later that day, Defendant Ramaglia re-entered Plaintiff Mann's cell and advised him to "help yourself." Ramaglia interrogated him about a person named Shardell Green and advised Plaintiff Mann that if he offered information on Green, he could go free.

35. Plaintiff Mann did not know anything about Green and therefore supplied no information, causing him to remain detained in his Homan Square cell.

36. While interrogating Plaintiff Mann, Defendant Ramaglia assaulted him with a stream of insults, racial slurs, including the N word, and threats.

37. A few minutes after Defendant Ramaglia left Plaintiff Mann's cell, Defendant Kane entered his cell and repeated Ramaglia's demand to "help yourself" by sharing information about Green. Kane grabbed Plaintiff Mann by the collar with both hands and threatened his family.

38. Once again, Plaintiff Mann did not have any information to offer and could not supply information, causing him to remain detained in his Homan Square cell.

39. Shortly thereafter, Defendant Ramaglia entered Plaintiff Patrick's cell.

40. Ramaglia interrogated Plaintiff Patrick, and told him to "help yourself" by revealing information about the location of illegal guns in Patrick's neighborhood.

41. Patrick was both unable and unwilling to provide any information, causing him to remain detained in his Homan Square cell.

42. Defendant Ramaglia also assaulted Plaintiff Patrick with a stream of insults and threats.

43. Minutes later, Defendant Kane entered Plaintiff Patrick's cell and advised him that he would go to jail for a long time if he did not share information about the location of illegal guns in his neighborhood. Kane repeatedly threatened and insulted Patrick.

44. Plaintiff Patrick was unable to share any information and Defendant Kane left.

45. Later the same day, Defendant John Doe entered Plaintiff Wilson's cell, advised him that they did not want to keep him detained because he had not done anything wrong, and instructed him to provide information on the sale of illegal drugs in his neighborhood so that he could go free.

46. Plaintiff Wilson was both unable and unwilling to supply any information, so Defendant Doe advised Plaintiff Wilson that he would go to jail.

47. Wilson asked Defendant Doe to use the bathroom but was met with no response.

48. Minutes later Defendant Doe re-entered Plaintiff Wilson's cell, Wilson asked for an attorney and Doe made no response.

49. Later Defendant Ramaglia entered Plaintiff Wilson's cell and stated "give me something and I'll let you go."

50. Wilson had nothing to reveal, asked for an attorney and asked again to use the bathroom. Defendant Ramaglia did not respond, but instead spoke with Defendant Connolly at the cell's entrance.

51. Defendant Ramaglia then once again approached Plaintiff Wilson and held a knife to Wilson's neck.

52. Defendant Ramaglia then used the knife to cut off strings that hung down from the neck of Plaintiff Wilson's sweatshirt.

53. Minutes later, Defendant Ramaglia re-entered the cell with Defendant Kane and Kane advised Plaintiff Wilson that he didn't have to go to jail and that he should "help" himself.

54. Again Plaintiff Wilson asked for his lawyer and to use the bathroom but the Defendants again ignored his request, and left him alone in the cell.

55. Sometime later Plaintiff Wilson urinated on himself, because he was never permitted to go the bathroom.

56. Plaintiffs Mann, Patrick and Wilson all remained detained in their cells at Homan Square all day without access to an attorney, to food, to a bathroom, or to family members despite their persistent pleas.

57. At no time did the Defendants question any of the Plaintiffs about the crime for which they were ultimately wrongfully charged.

### Plaintiffs' Arrest and Prosecution

58. After being held incommunicado at Homan Square, Plaintiffs were transported to the 11th District Police Station where they were charged with the manufacture and delivery of

7

heroin. This was the first time that any of the Plaintiffs were given a purported reason for their arrest.

59. Plaintiffs were then transported to Cook County Jail and held for trial.

60. In support of Plaintiffs' arrest and prosecution, Defendants McCann, Ramaglia, Connolly, and Kane filled out and filed false and incomplete police reports, McCann falsely testified at Plaintiffs' Grand Jury Proceedings, and McCann, Connolly and Kane falsely testified at Plaintiffs' trial.

61. Additionally, some or all of the Defendants made false statements concerning the evidence to the prosecutors.

62. As a result of the Defendants' false reports, false statements, and false testimony, Plaintiffs were arrested, held in custody awaiting trial for approximately fifteen months, and then wrongfully taken to trial.

63. Despite Defendants' false and misleading police reports, false statements to the prosecutors, and false testimony, Judge William O'Brien issued a directed finding of not guilty at the conclusion of the State's case.

64. In making his finding of not guilty as to all three Plaintiffs, Judge O'Brien found that Defendants McCann and Connolly were so thoroughly impeached that the State was unable to meet its burden of proof.

65. Anthony Speight was found guilty of possession of what appeared to be the same heroin that Defendant police officers relied upon in their false arrests of the Plaintiffs and their unsuccessful attempt to convict them of crimes they did not commit.

66. Plaintiffs spent a total of approximately fifteen months in Cook County jail.

67. The Defendant Officers, acting within the scope of their employment and under color of law, agreed among themselves and with other individuals to act jointly and in concert in order to deprive each Plaintiff of his constitutional rights.

68. In this manner, the Defendant Officers, acting jointly and in concert with other co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

69. In furtherance of the conspiracy, each of the Defendant co-conspirators engaged in and facilitated one or more overt acts, including, but not limited to, those set forth above – including falsely arresting Plaintiffs, illegally detaining and coercively interrogating them in Homan Square, fabricating evidence, withholding exculpatory evidence, writing false reports, committing perjury during hearings and trials, and otherwise willfully participating in joint activities.

70. As a direct and proximate result of the illicit prior agreement and joint actions in furtherance of the conspiracy referenced above, each Plaintiff's Constitutional rights were violated, and each Plaintiff suffered injury, including, but not limited to, loss of liberty, physical injuries, emotional distress and other mental and emotional injury and trauma.

## COUNT I
### [42 U.S.C. §1983 Claim for False Arrest, Illegal Search and Illegal Detention]

71. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

72. The actions of Defendants Ramaglia, Kane, Connolly, McCann, Miranda, and Doe, individually, jointly, and in conspiracy, in falsely arresting, detaining, strip searching and imprisoning Plaintiffs without probable cause, violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution to be secure in their person, papers and effects

against unreasonable searches and seizures as guaranteed by the Fourteenth Amendment, and thus also violated 42 U.S.C. §1983.

73. The actions of the Defendants named in paragraph 72 above were the direct and proximate cause of the violations of Plaintiffs' Fourth and Fourteenth Amendment rights, their injuries, mental suffering, anguish and humiliation, and loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, Plaintiffs Mann, Patrick and Wilson demand substantial actual or compensatory damages against Defendants Ramaglia, Kane, McCann, Connolly, Miranda and Doe, and, because they acted maliciously, wantonly, and/or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other and additional relief as this Court deems equitable and just.

## COUNT II
### [42 U.S.C. §1983 Claim for Excessive Force]

74. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

75. The actions of Defendants Ramaglia and Kane as set forth in the facts above, individually, jointly and in conspiracy, also violated Plaintiffs Wilson and Mann's Fourth Amendment right to be free from the use of excessive and unreasonable force as guaranteed by the Fourteenth Amendment.

WHEREFORE, Plaintiffs Wilson and Mann demand substantial actual or compensatory damages against Defendants Ramaglia and Kane, and because they acted maliciously, wantonly, and/or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other and additional relief as this Court deems equitable and just.

## COUNT III
### [42 U.S.C. §1983 Due Process Claim for Fabrication of Evidence]

76. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

77. Defendants Ramaglia, Kane, McCann, Connolly, Miranda and John Doe, individually, jointly and in conspiracy fabricated and manufactured false inculpatory evidence to be used against Plaintiffs. This evidence formed the basis for Plaintiffs' false arrest, wrongful prosecution and approximately fifteen months of wrongful imprisonment.

78. Without this manufactured and fabricated evidence, Plaintiffs would not have been arrested, prosecuted, or imprisoned.

79. These actions by these Defendants named above thereby deprived Plaintiffs of their constitutionally protected right not to be deprived of liberty without due process of law as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

WHEREFORE, Plaintiffs Mann, Patrick, and Wilson demand substantial actual or compensatory damages against Defendants Ramaglia, Kane, McCann, Connolly, Miranda and Doe, and, because they acted maliciously, wantonly, and/or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other and additional relief as this Court deems equitable and just.

## COUNT IV
### [42 U.S.C. §1983 *Brady* Claim for Suppression of Evidence]

80. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

81. Defendants Ramaglia, Kane, McCann, Connolly, Miranda and John Doe, acting individually, jointly and in concert to, deprive Plaintiffs of their constitutional right to due process of law, by suppressing and otherwise depriving prosecutors and Plaintiffs of exculpatory material and information.

11

82. If said exculpatory evidence were not withheld by the Defendants, Plaintiffs would not have been prosecuted, and/or their imprisonment and prosecution would have ended substantially before it in fact was ended.

WHEREFORE, Plaintiffs Mann, Patrick, and Wilson demand substantial actual or compensatory damages against Defendants Ramaglia, Kane, McCann, Connolly, Miranda and Doe, and, because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other and additional relief as this Court deems equitable and just.

### COUNT V
### [42 U.S.C. §1983 Claim for Failure to Intervene]

83. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

84. One or more of Defendants Ramaglia, Kane, McCann, Connolly, Miranda and Doe had opportunities and the duty to intervene on behalf of Plaintiffs and prevent the constitutional violations described above, but declined or refused to do so.

85. As a direct and proximate result of Defendants' failure to prevent the violation of Plaintiffs' Fourth and Fourteenth Amendment rights, Plaintiffs suffered the injuries set forth above.

WHEREFORE, Plaintiffs Mann, Patrick, and Wilson demand substantial actual or compensatory damages against Defendants Ramaglia, Kane, McCann, Connolly, Miranda and Doe, and, because they acted maliciously, wantonly, and/or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other and additional relief as this Court deems equitable and just.

## COUNT VI
**[42 U.S.C. §1983 *Monell* Claim]**

86. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

87. The unconstitutional actions of Defendants Ramaglia, McCann, Connolly, Kane, Miranda and Doe, as alleged above, were done pursuant to one or more interrelated *de facto* policies, practices and/or customs of the Defendant City of Chicago, acting through and by its Police Department, Police Superintendents, Police Board, Mayors, and City Council.

88. These interrelated *de facto* policies, practices, and customs included, *inter alia*:

a) Maintaining an "off the books" police detention, interrogation, and intelligence gathering center at Homan Square where the CPD unconstitutionally detained many thousands of predominantly, and disproportionately, African American and Hispanic citizens without probable cause and without access to lawyers and family;

b) Using unconstitutionally coercive and torturous tactics while interrogating detainees at Homan Square including, but not limited to, handcuffing them to the wall in dark, Spartan-like cells without food, water, or access to bathroom facilities; using physical threats, beatings, assaults with a knife, and other forms of physical brutality; conducting illegal strip and violently invasive body cavity searches; subjecting detainees to verbal racial abuse, and using the threat of charging the detainee with bogus criminal offenses if he or she did not provide information;

c) Manufacturing and falsifying evidence in order to falsely arrest, charge and prosecute persons who refuse to give information while detained at Homan Square;

d) The police code of silence, whereby police officers refuse to report or otherwise cover-up instances of police misconduct, and/or fabricated, suppressed, and destroyed evidence of which they were aware, despite their obligation under the law and police regulations. Said

13

code of silence also includes police officers either remaining silent or giving false and misleading information during official investigations and Grand Jury proceedings in order to protect themselves and/or fellow officers from internal discipline, civil liability, or criminal charges, and perjuring themselves in criminal cases where they and/or their fellow officers have coercively or otherwise unconstitutionally interrogated a suspect, arrestee or witness, or falsely detained, arrested, imprisoned and prosecuted a criminal defendant;

e) The failure to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers, particularly those who were repeatedly accused of abuse of suspects; of making and/or facilitating wrongful detentions, false arrests, wrongful imprisonments, malicious prosecutions and wrongful convictions; of making false reports and statements; and/or of physically, psychologically or otherwise illegally or improperly coercive questioning or interrogation of witnesses, suspects and arrestees, particularly persons who were physically and/or psychologically abused during questioning.

89. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference; and were, separately and together, a moving force and a direct and proximate cause of the unconstitutional acts committed by the named Defendants and their co-conspirators herein, and the injuries suffered by the Plaintiffs.

WHEREFORE, Plaintiffs Mann, Patrick, and Wilson demand substantial actual or compensatory damages against Defendant City of Chicago, plus the costs of this action, attorney's fees and such other and additional relief as this Court deems equitable and just.

## COUNT VII
### [State Law Claim for Malicious Prosecution]

90. Each paragraph of this Complaint is incorporated as if restated fully herein.

91. The Defendant Officers named in this Complaint accused Plaintiffs of criminal activity knowing those accusations to be without genuine probable cause, they fabricated inculpatory evidence and suppressed exculpatory evidence, and they made false statements to prosecutors and wrote false reports with the intent of exerting influence on, and to institute and continue, the judicial proceedings against Plaintiffs.

92. The Defendant Officers named in this Complaint caused Plaintiffs to be improperly subjected to judicial proceedings for which there was no probable cause.

93. These judicial proceedings were instituted and continued maliciously, resulting in Plaintiffs' wrongful prosecution and imprisonment, and the consequent injuries set forth above.

94. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of others.

95. On January 14, 2015, the prosecution terminated in Plaintiffs' favor.

96. As a direct and proximate result of this misconduct, Plaintiffs sustained, and continue to sustain, injuries as set forth above, including physical injury and emotional distress.

WHEREFORE, Plaintiffs Mann, Patrick and Wilson demand substantial actual or compensatory damages against Defendants Ramaglia, Kane, McCann, Connolly, Miranda and Doe, and, because they acted maliciously, wantonly, and/or oppressively, punitive damages, plus the costs of this action, and such other and additional relief as this Court deems equitable and just.

## COUNT VIII
### [State Law Claim for Intentional Infliction of Emotional Distress]

97. Each paragraph of this Complaint is incorporated as if restated fully herein.

98. The acts and conduct of the Defendant Officers named in this Complaint, as set forth above, were extreme and outrageous. The Defendants' actions were rooted in an abuse of

15

power or authority, and they were undertaken with intent to cause, or were in reckless disregard of the probability, that their conduct would cause severe emotional distress to Plaintiffs, as is more fully alleged above.

99. As a direct and proximate result of the Defendant Officers' actions, Plaintiffs suffered and continue to suffer physical injury and severe emotional distress.

WHEREFORE, Plaintiffs Mann, Patrick, and Wilson demand substantial actual or compensatory damages against Defendants Ramaglia, Kane, McCann, Connolly, Miranda and Doe, and, because they acted maliciously, wantonly, and/or oppressively, punitive damages, plus the costs of this action, and such other and additional relief as this Court deems equitable and just.

## COUNT IX
### [State Law Claim for Civil Conspiracy]

100. Each paragraph of this Complaint is incorporated as if restated fully herein.

101. As described more fully in the preceding paragraphs, the Defendant Officers named in this Complaint, acting jointly and in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

102. In furtherance of this conspiracy, the Defendant Officers committed overt acts and were otherwise willful participants in joint activity including but not limited to the malicious prosecution of Plaintiffs and the intentional infliction of emotional distress upon them.

103. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference.

104. As a direct and proximate result of the Defendants' conspiracy, Plaintiff suffered damages, including physical injury and severe emotional distress, as is more fully alleged above.

WHEREFORE, Plaintiffs Mann, Patrick, and Wilson demand substantial actual or compensatory damages against Defendants Ramaglia, Kane, McCann, Connolly, Miranda and Doe, and, because they acted maliciously, wantonly, and/or oppressively, punitive damages, plus the costs of this action, and such other and additional relief as this Court deems equitable and just.

### COUNT X
### [State Law Claim for *Respondeat Superior*]

105. Each paragraph of this Complaint is incorporated as if restated fully herein.

106. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers was a member and agent of the Chicago Police Department and the City of Chicago, acting at all relevant times within the scope of his employment and under color of law.

107. Defendant City of Chicago is thereby liable as principal for all state law torts committed by the Defendant Officers as alleged herein, including malicious prosecution, infliction of emotional distress, and conspiracy.

WHEREFORE, Plaintiffs Patrick, Mann, and Wilson demand compensatory damages against Defendant City of Chicago in any and all amounts assessed against the individual Defendant officers, plus the costs of this action, and such other and additional relief as this Court deems equitable and just.

### COUNT XI
### [745 ILCS 10/9-102 Claim Against Defendant City of Chicago]

108. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

109. Defendant City of Chicago is the employer of Defendants Ramaglia, Kane, McCann, Connolly, Kane, Miranda and Doe.

110. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiffs Mann, Patrick, and Wilson demand judgment against defendant City of Chicago in the amount awarded to the Plaintiffs against any and all Defendants as compensatory damages, attorneys' fees, costs and interest, and/or for any settlement entered into between the Plaintiffs and any Defendant, and for whatever additional relief this Court deems equitable and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: October 19, 2015                                         Respectfully submitted,

/s/ G. Flint Taylor
G. Flint Taylor, Shubra Ohri
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL  60642
(773) 235-0070